IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CONSTRUCTION MATERIALS, INC.,    ) | |
| )  | |
| Plaintiff,    ) | |
| )  | CV:2:15-cv-245-MHT-CSC |
| v.    ) | (WO) |
| )  | |
| CHRISTOPHER M. HATCHER, et al.,    ) | |
| )  | |
| Defendants.    ) | |

**AMENDED CONSENT ORDER GRANTING TEMPORARY INJUNCTIVE RELIEF**

Having come before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (ECF No. 2), and with the parties' consent, it is hereby ORDERED and ADJUDGED that said motion for Temporary Restraining Order (ECF No. 2) is granted to the following extent only:

1. The Court held a telephonic hearing in this matter on April 16, 2015.

2. The Court finds that it has jurisdiction over this matter and the parties. Defendants Christopher M. Hatcher ("Hatcher") and his current employer, HD Supply Construction Supply, Ltd. d/b/a White Cap Construction Supply ("White Cap"), incorrectly named in the Complaint, have appeared and, through counsel, consented to the Court's jurisdiction over them and this matter.

3. Until the date set for a hearing on Plaintiff's Motion for Preliminary Injunctive Relief, or until ordered otherwise:

(a) Hatcher will not engage in any activities that compete with Construction Materials, Inc. ("CMI"), including assisting directly or indirectly any employee of White Cap or its affiliates, in the Sales Territory described in the Employment Agreement between CMI and Hatcher;

      (b)    Hatcher will not call on any customer with whom he did business while employed at CMI, regardless of the location of such customer. CMI is directed to submit a list of such customers to Hatcher and White Cap within five days of the entry of the order, using CMI's business records reflecting sales on which Hatcher was paid a commission while employed as an outside salesman at CMI. Upon request, CMI is directed to provide supporting records for review by counsel to Hatcher and White Cap that demonstrate the payment of commissions as to any such customer. In the event Hatcher is contacted by any such customer after such list has been provided, he will respond as follows: "I am prohibited by an employment agreement with my prior employer from doing business with you." Hatcher will not reference or suggest that anyone at White Cap (or its affiliates) can assist such customer. If asked any other question, Hatcher will say, "I am not able to respond further."

    4.    CMI is permitted to send this order to any of the customers on the submitted list.

    5.    Except as to the finding of jurisdiction, nothing in this Order will be construed as an admission by any party, and the Court recognizes that this Order does not serve as a waiver of any argument or objection by any party, including Plaintiff's right to seek any remedy identified in the Complaint, nor does it bind the Court as to future rulings in this matter.

The motion for preliminary injunction (ECF No. 2) is still pending.

**DONE, this the 16th day of April, 2015.**

                                               **/s/ Myron H. Thompson**
                                               **UNITED STATES DISTRICT JUDGE**